UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **VLADIMIR TSELLERMAER**, | § |
| *Petitioner*, | § § § |
| v. | § § |
| **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**, | § §      EP-25-CV-105-DCG § |
| *Respondent*. | § § |

**MEMORANDUM ORDER**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Vladimir Tsellermaer. (ECF No. 1). The Government responds and seeks to dismiss the Petition as moot. (ECF No. 4). For the following reasons, the Court **GRANTS** the Government's Motion to Dismiss.

**I.     Background**

Petitioner, Vladimir Tsellermaer, is from Russia. Pet., ECF No. 1, at 7. On April 26, 2024, Petitioner was ordered to be removed from the United States. *Id.* at 2. On March 31, 2025, Petitioner filed this habeas action asserting that his post-removal-order detention is unconstitutional and requests to be released. *Id.* at 6, 8. At the time of filing, Petitioner was in the custody of the U.S. Immigration and Customs Enforcement in El Paso, Texas. *Id.* at 1. The Court then ordered the Government to respond. Mem. Order, ECF No. 2, at 2. The Government responds and informs the Court that Petitioner was removed from the United States on April 8, 2025. Mot. Dismiss, ECF No. 4, at 1. The Government thus claims that the Petition is moot.[1] *Id.* at 4.

---

[1] The Government further argues that if the Petition is not moot, *Zadvydas* does not apply as Petitioner is detained pursuant to an order of expedited removal under § 1225(b). The Court need not address this argument because assuming *arguendo* that *Zadvyas* applies, the Petition is moot.

1

## II.     Law and Discussion

"In order to maintain jurisdiction, the court must have before it an actual case or controversy at all stages of the judicial proceedings." *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020) (citation omitted). A case becomes moot "if an event occurs" during the pendency of the action "that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (citing *Mills v. Green*, 159 U.S. 651, 653 (1895)).

28 U.S.C. § 2241 grants this Court jurisdiction to hear habeas corpus petitions from aliens claiming they are held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). As indicated, Petitioner alleges that his prolonged detention is unconstitutional under *Zadvydas* and requests release. Pet., ECF No. 1, at 6, 8. Petitioner's removal from the United States is an event that moots his challenge to his detention. *See Chay v. Holder*, 470 F. App'x 406, 407 (5th Cir. 2012) (stating that a challenge to the post-removal-order detention became moot upon [petitioner's] removal from the United States); *see also Morales-Morales v. Barr*, 933 F.3d 456, 462 (5th Cir. 2019) ("Because [Petitioner] is no longer detained and has already been deported, her challenge to detention is moot."). Thus, Petitioner's claim is now moot.

Furthermore, to the extent that Petitioner is using his § 2241 petition to challenge his final order of removal, the Court lacks jurisdiction to hear such a claim. *Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003) (per curiam); *see also Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) ("The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review.") (citations omitted).

## III.     Conclusion

Accordingly, the Court **GRANTS** the Government's Motion to Dismiss (ECF No. 4).

The Clerk of Court **SHALL CLOSE** this matter.

**So ORDERED and SIGNED this 16th day of April 2025.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**